United States District Court
District of Connecticut
FILED AT    NEW HAVEN
1/27/2025 20
Dinah Milton Kinney, Clerk
By
Deputy Clerk

# US District COURT

# District of Connecticut

....................................................................................................................................

Pradeep Gupte                                                    24-cv-904

V-

Sacred Heart University                                      1/23/2025

....................................................................................................................................

**PLAINTIFF is a prose litigant.**  I request leave of the court to file one document.

I am enclosing my **Rebuttal to CHRO/EEOC.**

I did not receive any Loudermill Hearing when my job was terminated. **My constitutional rights are violated.** Lost wages is considered as property.

**Please look at Respondent-defendant's page 2 ..........> #2: "......... > (X)There is no allegation as to <u>what positions</u> Complainant claims he applied for (highlighted part) ..........."    (Y)** Now please look at the **very bottom lines (highlighted part):** .....> "List of all <u>Chemistry Postings</u> since 2018 and.................<u>University Chemistry Positions from 2018 -current".</u>

**Why defendant-Respondent did not attach any Physics, Math or Biology positions?.........Both (X) and (Y) above are contradictory to each other. Furthermore, I worked in that school more than 20 yrs. ago which means that school has my resume somewhere in their IT dept or archive (they have already included so many jobs' Postings-<u>IT Department Search</u>). Their statements defy logic. It is obvious that I was interested in teaching Chemistry courses.**

I say everything under oath.

Very truly yours,

Pradeep Gupte

**PLAINTIFF**

JAN 27 2025 PM 12:49
FILED-USDC CT-New Haven

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

| | | |
|---|---|---|
| PRADEEP B. GUPTE, | : | CHRO No. 2420152 |
| Complainant, | : | EEOC No.: 16A-2024-00111 |
| | : | |
| V. | : | |
| | : | |
| SACRED HEART UNIVERSITY, INC., | : | |
| Respondent. | : | DECEMBER 22, 2023 |

### ANSWER TO AFFIDAVIT OF ILLEGAL DISCRIMINATORY PRACTICE

The Respondent, Sacred Heart University, responds to Complainant's affidavit of illegal

discriminatory practice (hereinafter, the "Complaint") as follows:

**RESPONSE:**     **Pursuant to Conn. Agencies Regs § 46a-54-43a(c), the Respondent submits this general denial of the allegations in the Complaint. Because the Complaint is unstructured and the Respondent intends to controvert all allegations of discrimination and/or other unlawful or wrongful conduct, a general denial is appropriate.**

### DEFENSES

**FIRST DEFENSE**

The Complaint is time-barred. → Wrong (please look 18-525, Supreme Court, Copy attached)

**SECOND DEFENSE**

The Complainant fails to state a claim upon which relief may be granted.

**THIRD DEFENSE**

Upon information and belief, the Complainant has failed to mitigate his damages.

**FOURTH DEFENSE**

Certain of Complainant's claims are subject to damages caps and/or limitations.

Wrong, (also look at Twombly V Bell Atlantic Supreme Const, primary holding)

893 F. 3d 300, affirmed.

GINSBURG, J., delivered the opinion for a unanimous Court.

---

TOP

# Opinion

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports.   Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

SUPREME COURT OF THE UNITED STATES

No. 18–525

sue notice, the complainant may commence a civil action against her employer. §2000e–5(f)(1).

Respondent Lois M. Davis filed a charge against her employer, petitioner Fort Bend County. Davis alleged sexual harassment and retaliation for reporting the harassment. While her EEOC charge was pending, Fort Bend fired Davis because she failed to show up for work on a Sunday and went to a church event instead. Davis attempted to supplement her EEOC charge by handwriting "religion" on a form called an "intake questionnaire," but she did not amend the formal charge document. Upon receiving a right-to-sue letter, Davis commenced suit in Federal District Court, alleging discrimination on account of religion and retaliation for reporting sexual harassment.

After years of litigation, only the religion-based discrimination claim remained in the case. Fort Bend then asserted for the first time that the District Court lacked jurisdiction to adjudicate Davis' case because her EEOC charge did not state a religion-based discrimination claim. The District Court agreed and granted Fort Bend's motion to dismiss Davis' suit. On appeal from the dismissal, the Court of Appeals for the Fifth Circuit reversed. Title VII's charge-filing requirement, the Court of Appeals held, is not jurisdictional; instead, the requirement is a prudential prerequisite to suit, forfeited in Davis' case because Fort Bend had waited too long to raise the objection.

*Held*: Title VII's charge-filing requirement is not jurisdictional. Pp. 5–11.

(a) The word "jurisdictional" is generally reserved for prescriptions delineating the classes of cases a court may entertain (subject-matter jurisdiction) and the persons over whom the court may exercise adjudicatory authority (personal jurisdiction). *Kontrick* v. *Ryan*, 540 U. S. 443, 455. A claim-processing rule requiring parties to take certain procedural steps in, or prior to, litigation, may be mandatory in the sense that a court must enforce the rule if timely raised. *Eberhart* v. *United States*, 546 U. S. 12, 19. But a mandatory rule of that sort, unlike a prescription limiting the kinds of cases a court may adjudicate, is ordinarily forfeited if not timely asserted. *Id.*, at 15. Pp. 5–9.

(b) Title VII's charge-filing requirement is a nonjurisdictional claim-processing rule. The requirement is stated in provisions Title VII discrete from the statutory provisions empowering federal courts to exercise jurisdiction over Title VII actions. The charge-filing instruction is kin to prescriptions the Court has ranked as nonjurisdictional—for example, directions to raise objections in an agency rulemaking before asserting them in court, *EPA* v. *EME Homer City Generation, L. P.*, 572 U. S. 489, 511–512, or to follow procedures governing copyright registration before suing for infringement, *Reed Elsevier, Inc.* v. *Muchnick*, 559 U. S. 154, 157. Pp. 9–11.

# Syllabus

FORT BEND COUNTY v. DAVIS
893 F. 3d 300, affirmed.

- **Syllabus** [Syllabus] [PDF]
- **Opinion**, Ginsburg [Ginsburg Opinion] [PDF]

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

SUPREME COURT OF THE UNITED STATES

Syllabus

Fort Bend County, Texas *v.* Davis

certiorari to the united states court of appeals for the fifth circuit

No. 18–525.  Argued April 22, 2019—Decided June 3, 2019

Title VII of the Civil Rights Act of 1964 prohibits discrimination in employment on the basis of race, color, religion, sex, or national origin. 42 U. S. C. §2000e-2(a)(1). The Act instructs a complainant, before commencing a Title VII action in court, to file a charge with the Equal Employment Opportunity Commission (EEOC or Commission). §2000e-5(e)(1), (f)(1). On receipt of a charge, the EEOC is to notify the employer and investigate the allegations. §2000e-5(b). The Commission may "endeavor to eliminate [the] alleged unlawful employment practice by informal methods of . . . conciliation." *Ibid.* The EEOC also has first option to "bring a civil action" against the employer in court. §2000e-5(f)(1). But the Commission has no authority itself to adjudicate discrimination complaints. If the EEOC chooses not to sue, and whether or not the EEOC otherwise acts on the charge, a complainant is entitled to a "right-to-sue" notice 180 days after the charge is filed. *Ibid.*; 29 CFR §1601.28. On receipt of the right-to-

## Exhibit-a

**I SAY EVERYTHING UNDER OATH.**

Very truly yours,

Pradeep Gupte
**Complainant**


**CERTIFICATION:**

I hereby certify that I have sent one copy of this document to the Respondent, Gwaina Wauldon, Carlton Fields, on Jan 2, 2024.


Very truly yours,

**PRADEEP GUPTE**
**Complainant**

State of CT County of Windham
The foregoing instrument was acknowledged before me
this 2nd day of Jan., 2024.
by Pradeep Gupte
Terra LeBlond          Notary Public
My Commission Expires  4-30-26

Terra LeBlond
Notary Public-Connecticut
My Commission Expires
April 30, 2026

"Dr Gupte" in front of her and she did not like that. I did not tell anyone that I am "Dr Gupte". This happened to me in couple of other schools also.

**REQUEST FOR INFORMATION:**
**#11, #12.......... all evasive answers or incomplete (Exhibit-d)**
**Page 5 of 7**: (#11, #12:  g, h):  In every organization there are people who make decisions regarding hiring, **evaluation**, termination and etc (**Exhibit-d).** Respondent failed to do that. I never received any evaluation.  I did not receive any "Loudermill Hearing (**Supreme Court Document)"**.  **My civil rights are violated.** I was not given any **notice or warning** before termination.

**Exhibit-c:**  please look at the **highlighted part** and the very bottom of the page (**Respondent's applicants for chemistry position).**  They have not mentioned anywhere who was hired and who was not hired and for what reason or if anyone was **disciplined**, why they did that?

**Please look at this document:**                    Federal Law preempts state Laws:
**Noffsinger v SSC Niantic Operating Co., 273 F. Supp.3d 326.**  Count 3 of this case was accepted by the Judge allowing the lawsuit to move forward. Count 3 addresses plaintiff's emotional state being amplified by defendant's conduct. My emotional challenges and anxiety have been amplified by the Respondent's conduct (**Title VII, disability, bipolar disorder).** Please note that the plaintiff eventually won the suit in above mentioned case.

Once Penny Snetsinger asked me to show her my exam and she said that my exam was too difficult; therefore, I showed the same exam to another Professor (Dr Alkhatib) and he said that it was not difficult. Penny Snetsinger did not like that (**retaliation**). People have different opinions. Some students don't like to work; they like spoon-feeding.

I am the only similarly situated person of my race (Asian Indian).
I am the only similarly situated person of my color (brown).
I am the only similarly situated person of my national origin (India).
I am the only similarly situated person of my ethnicity.
I am the only similarly situated person of my age (68+).
I am the only similarly situated person of my disability (bipolar disorder and physical disability).
I am the only similarly situated person of my sex (male).

**Penny Snetsinger** and **Dean Paolini** forced me to change the grades of few students and I refused to do that and that is why Respondent did not hire me again or called me for an interview, **Retaliation; (Title VII).** If I change the grades of few students without any reason then I am doing injustice to some students who **earned their grades** by hard work.

# STATE OF CONNECTICUT

# COMMISSION on HUMAN RIGHTS

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

| | | |
|---|---|---|
| Pradeep Gupte | : | CHRO# 2420152 |
| V- | : | EEOC # 16A-2024-00111 |
| Sacred Heart University: | | Jan 2, 2024 |

••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••••

1) Complainant is a prose litigant.

2) **Respondent's DEFENSES: FIRST DEFENSE:** The Complaint is time-barred; **this is wrong:** Please look at this Supreme Court Document, **18-525** (*Title VII's charge-filing requirement is not Jurisdictional*) ............ **Exhibit-a.**

3) **SECOND DEFENSE: Wrong:** Please look at these **supreme court** documents: **Exhibit-b:** a) Bell Atlantic Corp v Twombly (550 U.S. 544): **PRIMARY HOLDING.** b) Ashcroft v Iqbal (556 U. S. 662): To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim of relief, that is plausible on its face.

4) Pursuant to **CT dept of Labor,** every person collecting unemployment must submit at least 3 applications every week to be eligible for the unemployment benefits. I have been submitting more than 3 applications every week. You may want to confirm this by contacting Dept of Labor in Wethersfield, CT. Their address is 200 Folly Brook Blvd, Wethersfield, CT 06109. I did submit my application to **Sacred Heart University** on or about 8/10/23. I was collecting benefits during that time.

5) **Respondent's page 3 of 24, #2, Exhibit-c:** (A) ........................ Complainant's Complaint...... ......................................" **many" positions** that ............................................................................ applied for.   ..........

(B) Now please look at the very bottom of that page: **See Exhibit A-** List of all **Chemistry Postings (pages 7 to 13,** attached). It is obvious that I was interested in **teaching chemistry** courses; that is why they attached all **chemistry** jobs. Why they have not included postings for any **"Math" or "Biology"** instructor/faculty? **Both A and B above are contradictory to each other.** Furthermore, they know that I am a professor of chemistry because they have mentioned that I worked more than 20 yrs ago which means they have my **resume/application** somewhere in their **computer or IT department.** I used to sit near DR Habussh, DR Alkhatib, Dr Babu George and Penny Snetsinger who are Professors of chemistry. **All their statements are absurd and defy logic.**

I had written in my **original complaint** about a "teaching job" which means, adjunct Instructor, Lab Instructor, adjunct faculty position or a lecturer of chemistry **(Many positions).** Respondent has attached a huge list of **chemistry applicants** for many years which include all kind of chemistry jobs. How can they miss my application in such a huge list? This means someone from that school system **destroyed my application intentionally.** I have mentioned before that Penny Snetsinger looked at me with animosity. This happened because couple of students called me

Jamie Rubin
December 5, 2023
Page 2

## I.   RELEVANT ALLEGATIONS

In his Complaint, dated and filed on October 13, 2023, Complainant alleges that he was employed by Sacred Heart "about 20 years ago." Complainant alleges he "applied many times but they did not respond to my application." Complainant alleges that the last application he sent "was on or about 8/10/23." Complainant alleges while he was employed by Sacred Heart, that a conversation occurred between two Sacred Heart employees regarding his accent, the difficulty of Complainant's exam and Complainant's teaching style.

## II.   COMPLAINANT'S ENTIRE COMPLAINT IS TIME-BARRED.

Complainant was employed by Sacred Heart in 2001, twenty-two years ago. Complainant alleges that while employed by Sacred Heart, that a conversation occurred between two Sacred Heart employees regarding his accent, the difficulty of his exam and his teaching style. Complainant also claims "religion is an issue" and in his Complaint makes inaccurate representations regarding the religious and cultural backgrounds of the two Sacred Heart employees who allegedly spoke about him. This interaction in 2001, appears to be the basis for his claim of discrimination.

1. Complainant's allegations regarding events that allegedly occurred in 2001 are time-barred

Conn. Gen. Stat. § 46a-82(f)(1) provides that a complaint of discrimination that occurred *prior to October 1, 2021* shall be filed within one hundred and eighty days after the alleged act of discrimination. Complainant is alleging acts of discrimination that occurred while he was employed by Sacred Heart, more than twenty years ago, in 2001. Complainant's claims stem from a conversation that allegedly took place between Sacred Heart employees, in 2001. Any allegations regarding events from 2001 are time-barred. The statutory period for Complainant to file a discrimination complaint with the Commission on Human Rights and Opportunities began to run on the date of the last alleged act of discrimination, and since Complainant did not file his complaint with the Commission until more than twenty years after the alleged act of discrimination, his filing is untimely. *See Lucarelli v. Commission on Human Rights and Opportunities*, 136 Conn. App. 278, 46 A.3d 933, (2012) (statutory 180 period for plaintiff to file discrimination complaint with Commission on Human Rights and Opportunities began to run on date of the last alleged act of discrimination, and since plaintiff did not file his complaint with the Commission until 278 days after the last alleged act of discrimination, his filing was untimely). *See also State v. Commission on Human Rights and Opportunities*, 211 Conn. 464, 471-73, 559 A.2d 1120 (1989) (employee cannot recover for employer's acts that occurred more than 180 days prior to filing). Complainant's employment ended more than twenty years ago and the alleged discriminatory conduct occurred in 2001. Complainant failed to exhaust his administrative remedies as required by Title VII of the Civil Rights Act of 1964, as amended, 42

Jamie Rubin
December 5, 2023
Page 2

*[handwritten: wrong → Supreme Court 18-25]*
*[handwritten: Please see attached document]*

## III.    CONCLUSION

Complainant's claims are clearly time-barred and unsupported.  Sacred Heart respectfully requests that the Commission dismiss these claims.

If you have any questions or need additional information, please do not hesitate to contact me.

Very truly yours,

*[signature]*

Gwaina D. Wauldon

Enclosures

cc:    Cathy.Kendall (cathy.kendall@ct.gov)
       Pradeep B. Gupte (philipgupte21@gmail.com)

# Exhibit-b

# Background[edit]

William Twombly and Lawrence Marcus brought a class-action lawsuit alleging that Bell Atlantic and the Baby Bells (successor companies to the trust-busted AT&T) had engaged in anti-competitive behavior in violation of Section 1 of the Sherman Antitrust Act. Specifically, the plaintiffs alleged that the companies had acted to disadvantage smaller telephone companies and charge consumers more by, for example, refraining from entering markets where another large company was dominant (thereby preventing a price war), even though the Telecommunications Act of 1996 had made it relatively inexpensive to do so.[2] The lawsuit alleged a conspiracy between the Baby Bells to not compete. As examples, the lawsuit noted that Qwest did not compete in California despite having business in all the surrounding states, and that Verizon did no business in Connecticut despite having a monopoly in all the surrounding states.[3]

Their complaint was dismissed by Judge Gerard E. Lynch of the U.S. District Court for the Southern District of New York, as failing to allege sufficient facts to state a claim for a violation of the Sherman Act.[4] The decision was reversed by the Second Circuit Court of Appeals,[5] and the Supreme Court agreed to hear the case in 2006.

# Decision[edit]

The Supreme Court reversed the decision of the Second Circuit, which had reversed the decision of the district court (Lynch D.J.) dismissing the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

lease look at respondent 's statement,,,,,,,, ",,,,failed to give a cause......" , now please look at this Supreme Court document: Twombly v Bell Atlantic (500 us 544) , primary holding ( copy attached)

Inbox

Search for all messages with label Inbox

Remove label Inbox from this conversation



**Pradeep Gupte <philipgupte21@gmail.com>**          Fri, Dec 22, 8:08 PM
                                                       (5 days ago)

to me



***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544 (2007), was a decision of the Supreme Court of the United States involving antitrust law and civil procedure. Authored by Justice David Souter, it established that parallel conduct, absent evidence of agreement, is insufficient to sustain an antitrust action under Section 1 of the Sherman Act. It also heightened the pleading requirement for federal civil cases by requiring for plaintiffs to include enough facts in their complaint to make it plausible, not merely possible or conceivable, that they will be able to prove facts to support their claims. The latter change in the law has been met with a great deal of controversy in legal circles, as evidenced by the dissenting opinion from Justice John Paul Stevens.[1]

**Citation.** 556 U.S. 662 (2009)
Law Students: Don't know your *Studybuddy Pro* login? Register here

**Brief Fact Summary.**

JavaidIqbal (P) was a Pakistani citizen who was arrested on criminal charges and detained by federal officials following the terrorist attack on 9/11. He filed suit against federal officials on the ground that his imprisonment was under conditions that infringed on his constitutional rights. The defendants moved the court to dismiss the complaint on grounds of facial insufficiency.

**Synopsis of Rule of Law.**

A complaint must be non-conclusory,ie, base allegations on facts and be believable under the rules of logic and circumstances to be considered well-pleaded.

Jamie Rubin
December 5, 2023
Page 2

U.S.C. §§ 2000e, et. seq. Therefore, Complainant's claims relating to events in 2001 are all time-barred and must be dismissed.

2. Complainant's allegations concerning events that occurred in the last 300 days are also not actionable

Any complaint filed pursuant to Connecticut General Statutes § 46a-82(2) for an alleged act of discrimination that occurred on or after October 1, 2021, must be filed within three hundred days after the alleged act of discrimination. Complainant attempts to bring his claims into the current statutory period by alleging that he "applied many times but they did not respond to my application." Complainant also alleges that the last application he sent "was on or about 8/10/23." Complainant's Complaint does not include any additional information regarding the "many" positions that Complainant applied for and Complainant does not provide any information regarding the application he sent "on or about 8/10/23." There is no allegation as to which positions Complainant claims he applied for. Sacred Heart has no record of any applications filed by Complainant[1] and no records of any communications with the Complainant regarding employment.[2] Complainant is attempting to allege an ongoing and continuous violation by building upon his 2001 claims in an effort to bring his underlying claims of discrimination into the applicable limitations period. However, because the events underlying Complainant's Complaint occurred many years before Complainant filed his CHRO complaint, these claims are time-barred. *See Blake v. Recovery Network of Programs, Inc.*, No. 3:22-CV-19 (VAB), 2023 WL 1930169, at *9 (D. Conn. Feb. 10, 2023).

3. Complainant's Complaint fails to adequately allege facts to support an inference of discrimination

Complainant has failed to allege facts plausibly supporting an inference of discrimination and Complainant's Complaint offers no factual allegations that plausibly suggest discrimination. Complainant has not provided (and cannot provide) sufficient facts to support a claim of discrimination or that Complainant was discriminated against and said claims should be dismissed for failure to state a claim of discrimination. Complainant's allegations are insufficient to plausibly allege discrimination claims. None of Complainant's allegations relate in any way to Complainant's claimed disabilities (diabetes and bipolar disorder) and Complainant has not alleged that anyone at Sacred Heart was aware of these disabilities. There is no reason, absent impermissible speculation, to assume that anyone would have been. Complainant has failed to allege any factual allegations beyond his conclusory claims that he was discriminated against. Additionally, Complainant's Complaint fails to allege any direct evidence of a causal connection between his 2001 employment and his discrimination claims, more than twenty years later. In fact, Complainant alleges mere conclusory statements without supporting facts. "Legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[1] See Exhibit A – List of all Chemistry Postings since 2018 and List of Applicants for University Chemistry Positions from 2018-Current.
[2] See Exhibit B – IT Department Search

**Exhibit-c**

Jamie Rubin
December 5, 2023
Page 2

U.S.C. §§ 2000e, et. seq. Therefore, Complainant's claims relating to events in 2001 are all time-barred and must be dismissed.

2. Complainant's allegations concerning events that occurred in the last 300 days are also not actionable

Any complaint filed pursuant to Connecticut General Statutes § 46a-82(2) for an alleged act of discrimination that occurred on or after October 1, 2021, must be filed within three hundred days after the alleged act of discrimination. Complainant attempts to bring his claims into the current statutory period by alleging that he "applied many times but they did not respond to my application." Complainant also alleges that the last application he sent "was on or about 8/10/23." Complainant's Complaint does not include any additional information regarding the "many" positions that Complainant applied for and Complainant does not provide any information regarding the application he sent "on or about 8/10/23." There is no allegation as to what positions Complainant claims he applied for. Sacred Heart has no record of any applications filed by Complainant [1] and no records of any communications with the Complainant regarding employment.[2] Complainant is attempting to allege an ongoing and continuous violation by building upon his 2001 claims in an effort to bring his underlying claims of discrimination into the applicable limitations period. However, because the events underlying Complainant's Complaint occurred many years before Complainant filed his CHRO complaint, these claims are time-barred. *See Blake v. Recovery Network of Programs, Inc.*, No. 3:22-CV-19 (VAB), 2023 WL 1930169, at *9 (D. Conn. Feb. 10, 2023).

3. Complainant's Complaint fails to adequately allege facts to support an inference of discrimination

Complainant has failed to allege facts plausibly supporting an inference of discrimination and Complainant's Complaint offers no factual allegations that plausibly suggest discrimination. Complainant has not provided (and cannot provide) sufficient facts to support a claim of discrimination or that Complainant was discriminated against and said claims should be dismissed for failure to state a claim of discrimination. Complainant's allegations are insufficient to plausibly allege discrimination claims. None of the Complainant's allegations relate in any way to Complainant's claimed disabilities (diabetes and bipolar disorder) and Complainant has not alleged that anyone at Sacred Heart was aware of these disabilities. There is no reason, absent impermissible speculation, to assume that anyone would have been. Complainant has failed to allege any factual allegations beyond his conclusory claims that he was discriminated against. Additionally, Complainant's Complaint fails to allege any direct evidence of a causal connection between his 2001 employment and his discrimination claims, more than twenty years later. In fact, Complainant alleges mere conclusory statements without supporting facts. "Legal conclusions and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,' are not entitled to a presumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[1] See Exhibit A – List of all Chemistry Postings since 2018 and List of Applicants for University Chemistry Positions from 2018-Current
[2] See Exhibit B – IT Department Search



Hirezon|**Exchange**

Welcome: Heidi L Foster-Cho

Sacred Heart University
Sign Out

- Manage Jobs
- Post New Job
- Requisitions
- Find Candidates
- QuickList
- Create Folders
- Registration
- User Account
- User Manual
- Instructions
- Manage Users
- Metrics Reports
- Notifications
- Help Desk
- Sign out

**Applicants for: Adjunct Instructor of Chemistry (110638)**

View    Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants | All Applicants

1   2   3 ▶▶

All Applicants in *Inbox*

| Select | Name : ( F | L ) | Location | Score | Date |
|---|---|---|---|---|
| ☐ 1. | Harry Brielmann | Westbrook, CT | 100.00 ✓ | 02/09/2020 |
| ☐ 2. | Robert Yozzo | Bridgeport, CT | 50.00 ✗ | 01/09/2020 |
| ☐ 3. | Omari Ansong | Bridgeport, CT | 100.00 ✓ | 12/04/2019 |
| ☐ 4. | Mark Villaluz | San Diego, CA | 100.00 ✓ | 11/23/2019 |
| ☐ 5. | Skye McClain | Portland, CT | 100.00 ✓ | 11/21/2019 |
| ☐ 6. | Edward Davis | Torrington, CT | 100.00 ✓ | 11/13/2019 |
| ☐ 7. | Cora Stover | Orange, CT | 50.00 ✗ | 09/29/2019 |
| ☐ 8. | Nissan Handawela | ODESSA, TX | 100.00 ✓ | 09/20/2019 |
| ☐ 9. | Rajan Giri | Hamden, CT | 50.00 ✗ | 07/22/2019 |
| ☐ 10 | FUSUN KILIC | Little Rock, AR | 100.00 ✓ | 07/10/2019 |

1 to 10 of 24 Applicants     Go to   1   ⌄   1   2   3 ▶▶

Check All | Uncheck All | Reverse     Move Selected:   - Select One -   ⌄
Select All 24 Applicants

Submit    Clear

✉ – Emails Sent   ☎ – Internal Candidate

Folders View:
- Inbox (24)
- Maybe (0)
- No (0)
- Withdrawn (0)
- Yes (7)
- Candidate pulled ... (0)
- Declined Offer (0)
- Interviewed Virtual (0)
- Interviewed/Internal (0)
- No response to email (0)
- OFFERED (0)
- All Folders (31)

User Manual | Privacy Policy | Terms of Use | Contact Us

*Handwritten note:* Respondent has not written who was "hired" or "not hired" and for what reasons

**Hirezon|EXchange**
Welcome: Heidi L Foster-Cho

Sacred Heart University
Sign Out

Switch Module

- 🖵 Manage Jobs
- ☑ Post New Job
- ☰ Requisitions
- 🔍 Find Candidates
- ☲ QuickList
- 🗀 Create Folders
- 🗐 Registration
- ☺ User Account
- 🗒 User Manual
- 🗐 Instructions
- 🗑 Manage Users
- 📊 Metrics Reports
- ✉ Notifications
- ⑦ Help Desk
- ⭢ Sign out

Folders (Add)
Inbox (24)
Maybe (0)
No (0)
Withdrawn (0)
Yes (7)
Candidate pulled ...(0)
Declined Offer (0)
Interviewed Virtual (0)
Interviewed/Internal (0)
No response to email (0)
OFFERED (0)
All Folders (31)

## Applicants for: Adjunct Instructor of Chemistry (110638)

View   Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants    All Applicants

All Applicants in *Inbox*    ◀◀ 1 2 3 ▶▶

| Select | Name : ( F | L ) | Location | Score | Date |
|---|---|---|---|---|
| ☐ 11 | Cheikhou Ndiaye | Mount Vernon, NY | 100.00 ✔ | 07/01/2019 |
| ☐ 12 | Donald Wolanin | Shelton, CT | 100.00 ✔ | 06/23/2019 |
| ☐ 13 | Ranya Hamada | Stratford, CT | 100.00 ✔ | 06/14/2019 |
| ☐ 14 | Neelum Lahenkar | New York, NY | 100.00 ✔ | 06/04/2019 |
| ☐ 15 | Edward Fritzen | Niantic, CT | 100.00 ✔ | 05/26/2019 |
| ☐ 16 | Atanu Das | Richland, WA | 100.00 ✔ | 05/25/2019 |
| ☐ 17 | David Ermert | Danbury, CT | 100.00 ✔ | 05/24/2019 |
| ☐ 18 | Ibrahim Abdallah Hassan | Toronto, Ontario | 100.00 ✔ | 05/23/2019 |
| ☐ 19 | Rishikesh Pandey, PhD | Farmington, CT | 100.00 ✔ | 05/21/2019 |
| ☐ 20 | Francis Gasparro | branford, CT | 100.00 ✔ | 05/19/2019 |

11 to 20 of 24 Applicants    Go to 2 ▾ ◀◀ 1 2 3 ▶▶

Check All | Uncheck All | Reverse    Move Selected: - Select One - ▾
Select All 24 Applicants

Submit    Clear

✉ – Emails Sent    ⅈ – Internal Candidate

*Respondent - has not written who was "hired" or "not hired" and for what reasons?*



Hirezon|EXchange

Welcome: Heidi L Foster-Cho

Sacred Heart University

Sign Out

**Applicants for Adjunct Instructors: Chemistry (133621)**

View    Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

: Qualified Applicants |   All Applicants

All Applicants in *Inbox*                                                                          ◄◄ 1 ›

| Select | Name : ( F | L ) | Location | Score | Date |
|--------|-----|----------|-------|------|
| ☐ 11 | Edward Caliguri | Shelton, CT | 100.00 ✔ | 07/16/2021 |

11 to 11 of 11 Applicants                                         Go to    2    ∨  ◄◄ 1  2

Check All | Uncheck All | Reverse                          Move Selected:  - Select One -  ∨
Select All 11 Applicants

                    Submit          Clear

✉ – Emails Sent   ᴀ – Internal Candidate

*(handwritten)* They have not "written" "not who was "hired" or "not hired" for this position.

**Manage Jobs**
**Job Search Results**
**Post New Job**

**Requisitions**

**Find Candidates**
**QuickList**

**Create Folders**
**Registration**
**User Account**
**User Manual**
**Instructions**

**Manage Users**
**Metrics Reports**

**Notifications**
**Help Desk**
**Sign out**

Folders (Act)
Inbox (11)
Maybe (0)
No (4)
Withdrawn (0)
Yes (0)
Candidate pulled ...(0)
Declined Offer (0)
Interviewed Virtual (0)
Interviewed/Internal (0)
No response to email (0)
OFFERED (0)
All Folders (15)



Hirezon|Exchange

Welcome: Heidi L Foster-Cho

Sacred Heart University
Sign Out

Switch Module

- Manage Jobs
- Job Search Results
- Post New Job

- Requisitions

- Find Candidates
- QuickList

- Create Folders
- Registration
- User Account
- User Manual
- Instructions

- Manage Users
- Metrics Reports

- Notifications
- Help Desk
- Sign out

**Applicants for: Adjunct Instructors: Chemistry (133621)**

View    Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants    All Applicants

All Applicants in *Inbox*

| Select | Name : ( F | L ) | Location | Score | Date |
|---|---|---|---|---|
| ☐ 1. | Ddragan Profmicevic | New haven, CT | 100.00 ✓ | 08/23/2021 |
| ☐ 2. | Zeyad Gadallaz@mail.sa... | Norwalk, CT | 100.00 ✓ | 08/21/2021 |
| ☐ 3 | Zachary Galasinski | Weston, CT | 100.00 ✓ | 08/19/2021 |
| ☐ 4. | Cora Stover | Orange, CT | 75.00 ✓ | 08/15/2021 |
| ☐ 5. | Shuvashish Kundu | Tarrytown, NY | 100.00 ✓ | 08/02/2021 |
| ☐ 6. | Patricia DeCoster ▫ | Stratford, CT | 100.00 ✓ | 07/26/2021 |
| ☐ 7. | Panadda Madden | Glastonbury, CT | 75.00 ✓ | 07/21/2021 |
| ☐ 8. | Xiaomei Yu ✉ | Westport, CT | 100.00 ✓ | 07/20/2021 |
| ☐ 9. | Kenneth Borowski | Cheshire, CT | 100.00 ✓ | 07/20/2021 |
| ☐ 10 | Clark Springgate | Guilford, CT | 100.00 ✓ | 07/17/2021 |

1 to 10 of 11 Applicants

Go to    1    ⌄    2 ▶▶

Check All | Uncheck All | Reverse

Select All 11 Applicants

Move Selected:    - Select One -    ⌄

Submit    Clear

✉ – Emails Sent   ▫ – Internal Candidate

**Folders (Acc)**

Inbox (11)
Maybe (0)
No (4)
Withdrawn (0)
Yes (0)
Candidate pulled ...(0)
Declined Offer (0)
Interviewed Virtual (0)
Interviewed/Internal (0)
No response to email (0)
OFFERED (0)
All Folders (15)

*They have not written who was "hired" or "not hired" and for what reasons?* (handwritten annotation)



## Hirezon|Exchange

Welcome: Heidi L Foster-Cho

Sacred Heart University
Sign Out

Manage Jobs

Post New Job

Requisitions

Find Candidates

QuickList

Create Folders

Registration

User Account

User Manual

Instructions

Manage Users

Metrics Reports

Notifications

Help Desk

Sign out

**Applicants for: Adjunct Instructor of Chemistry (110638)**

View    Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants    All Applicants

All Applicants in *Inbox*    ◀◀ 1 2 3

| Select | Name : ( F | L ) | Location | Score | Date |
|---|---|---|---|---|
| ☐ 21 | Avisa Zeqiraj | Seymour, CT | 50.00 ✖ | 05/16/2019 |
| ☐ 22 | Oleg Kazakov | Narragansett, RI | 100 00 ✔ | 05/16/2019 |
| ☐ 23 | Julio Martinez | Briarcliff Manor, NY | 100.00 ✔ | 05/16/2019 |
| ☐ 24 | Luis Lizardi Lizardi | Guaynabo, PR | 100.00 ✔ | 05/15/2019 |

21 to 24 of 24 Applicants                Go to  3  ⌄  ◀◀ 1 2 3

Check All | Uncheck All | Reverse          Move Selected:  - Select One -  ⌄

Select All 24 Applicants

Submit    Clear

✉ – Emails Sent    ✱ – Internal Candidate

Folders (Add)

Inbox (24)

Maybe (0)

No (0)

Withdrawn (0)

Yes (7)

Candidate pulled ...(0)

Declined Offer (0)

Interviewed Virtual (0)

Interviewed/Internal (0)

No response to email (0)

OFFERED (0)

All Folders (31)

User Manual  |  Privacy Policy  |  Terms of Use  |  Contact Us

**Hirezon|Exchange**

Welcome: Heidi L Foster-Cho

**Sacred Heart University**
Sign Out

Switch Module

Post New Job

≡ Requisitions

🔍 Find Candidates

≣ QuickList

📁 Create Folders

📝 Registration

👤 User Account

📖 User Manual

📄 Instructions

👥 Manage Users

📊 Metrics Reports

🔔 Notifications

⚙ Help Desk

↪ Sign out

## Applicants for Adjunct Instructors: Chemistry (124270)

View    Clone

Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

**Qualified Applicants in *Inbox***

| Select | Name : ( F | L ) | Location | Date |
|--------|------------------|----------|------|
| ☐ 1. | Mary Khalili | Woodbridge, CT | 04/19/2021 |
| ☐ 2 | José Ferreira Júnior | Salvador, Other | 03/13/2021 |
| ☐ 3. | Naheed Nasim | Orlando, FL | 03/11/2021 |
| ☐ 4. | Wathsala Waduge | La Grange Park, IL | 03/11/2021 |
| ☐ 5. | Pooja Bajaj | Schenectady, NY | 11/13/2020 |
| ☐ 6. | Angelica Toscione | East Haven, CT | 11/04/2020 |
| ☐ 7 | Tania Wyss | Huntington Station, NY | 10/01/2020 |
| ☐ 8. | Sajid Hussain | Manchester, North West | 09/12/2020 |
| ☐ 9. | Thomas Huebner | Milford, CT | 08/25/2020 |
| ☐ 10. | Luis Lizardi Lizardi | Guaynabo, PR | 08/25/2020 |

1 to 10 of 18 Qualified Applicants      Go to   1   ∨   1 2 ▶▶

Check All | Uncheck All | Reverse      Move Selected:   - Select One -   ∨

Select All 18 Applicants

✉ – Emails Sent   a – Internal Candidate

Submit    Clear

*[handwritten: They have not written who was "hired" or "not hired" and for what reasons?]*

**Folders (Add)**

Inbox (18)

Maybe (0)

No (0)

Withdrawn (0)

Yes (0)

Candidate pulled ...(0)

Declined Offer (0)

Interviewed Virtual (0)

Interviewed/Internal (0)

No response to email (0)

OFFERED (0)

All Folders (18)



**Hirezon|EXchange**

Welcome: Heidi L Foster-Cho

Sacred Heart University
Sign Out

Switch Portals

📇 Manage Jobs
☑ Post New Job

☰ Requisitions

🔍 Find Candidates
☱ QuickList

🗁 Create Folders
☑ Registration
◎ User Account
☐ User Manual
📄 Instructions

👤 Manage Users
📊 Metrics Reports

✉ Notifications
❓ Help Desk
↩ Sign out

Folders (Add)
Inbox (18)
Maybe (0)
No (0)
Withdrawn (0)
Yes (0)
Candidate pulled ...(0)
Declined Offer (0)
Interviewed Virtual (0)
Interviewed/Internal (0)
No response to email (0)
OFFERED (0)
All Folders (18)

## Applicants for Adjunct Instructors: Chemistry (124270)

View    Clone

Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants in *Inbox*

| Select | | Name : ( F ¦ L ) | Location | Date |
|---|---|---|---|---|
| ☐ | 11 | Anthony Volpe | Orange, CT | 08/25/2020 |
| ☐ | 12. | Radhika S. | Scarsdale, NY | 08/24/2020 |
| ☐ | 13. | Lisa Starks | West Haven, CT | 08/24/2020 |
| ☐ | 14. | Emma Carine Iradukunda | Athens, GA | 08/21/2020 |
| ☐ | 15. | Abdo-Alslam Alwakwak | Rolla, MO | 08/19/2020 |
| ☐ | 16. | Nasser Hadlpour | Brighton, MA | 08/19/2020 |
| ☐ | 17. | Tanjore Bala | West Chester, PA | 08/19/2020 |
| ☐ | 18 | Pom Kharel | Louisville, KY | 08/18/2020 |

11 to 18 of 18 Qualified Applicants                Go to  2

Check All | Uncheck All | Reverse
Select All 18 Applicants

Move Selected:  - Select One -

Submit    Clear

✉ – Emails Sent    ✱ – Internal Candidate

User Manual  |  Privacy Policy  |  Terms of Use  |  Contact Us

# Hirezon|Exchange

Welcome: Heidi L Foster-Cho

Sacred Heart University

Sign Out

Switch Module

- 🏢 Manage Jobs
- 📋 Job Search Results
- ☑ Post New Job

☰ Requisitions

- 🔍 Find Candidates
- ✎ QuickList

- 📁 Create Folders
- ✎ Registration
- ⊕ User Account
- 📖 User Manual
- 📄 Instructions

- 👥 Manage Users
- 📊 Metrics Reports

- ✉ Notifications
- ? Help Desk
- ↪ Sign out

### Applicants for: Lecturer: Chemistry (137723)

View    Clone

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

Qualified Applicants

**All Applicants in *Inbox***                                          ◀◀ 1  2

| Select | Name : (F|L) | Location | Score | Date |
|---|---|---|---|---|
| ☐ 11 | Ali Bagheri | Armidale, New South Wales | 100.00 ✔ | 10/07/2021 |
| ☐ 12 | Fatlume Berisha | Prishtina, Kukës County | 100.00 ✔ | 10/06/2021 |

11 to 12 of 12 Applicants                          Go to  2    ✔ ◀◀ 1  2

Check All | Uncheck All | Reverse                Move Selected: * - Select One -   ✔
Select All 12 Applicants

Submit    Clear

✉ – Emails Sent   u – Internal Candidate

Folders (Add)

Inbox (12)

Maybe (0)

No (0)

Withdrawn (0)

Yes (0)

Candidate pulled ...(0)

Declined Offer (0)

Interviewed Virtual (0)

Interviewed/Internal (0)

No response to email (0)

OFFERED (1)

All Folders (13)

**Hirezon|Exchange**

Welcome: Heidi L Foster-Cho

Sacred Heart University

Sign Out

*only chemistry Jobs*
*why?*

Applicants for: FT Faculty: Lecturer, Chemistry, College of Arts & Sciences (142322)

- Manage Jobs
- Job Search Results
- Post New Job

View    Clone

- Requisitions

COREquisites    Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

- Find Candidates
- QuickList

Qualified Applicants    All Applicants

- Create Folders
- Registration
- User Account
- User Manual
- Instructions

- Manage Users
- Metrics Reports

- Notifications
- Help Desk
- Sign out

All Applicants in *Inbox*

| Select | Name : ( F \| L ) | Location | Score | Date |
|--------|-------------------|----------|-------|------|
| ☐ 1. | Krishnan Ranganathan | Bangalore, Karnataka | 100.00 | 05/05/2023 |
| ☐ 2. | Hengameh Bayat | Brookfield, CT | 50.00 ✗ | 02/13/2023 |
| ☐ 3. | Wdragan Wmicevic | New Haven, CT | 100.00 ✓ | 10/28/2022 |
| ☐ 4. | Alireza Hasaninejad | Crane, TX | 100.00 ✓ | 08/09/2022 |
| ☐ 5. | Liang Sun | OMAHA, NE | 100.00 ✓ | 07/09/2022 |
| ☐ 6. | Cristina Veresmortean | Flushing, NY | 100.00 ✓ | 06/04/2022 |
| ☐ 7. | Mary Ross | White Plains, NY | 100.00 ✓ | 02/28/2022 |
| ☐ 8. | Elliot Taffet | New York, NY | 100.00 ✓ | 02/14/2022 |
| ☐ 9. | Shyam Pokhrel | Orono, ME | 100.00 ✓ | 02/04/2022 |

1 to 9 of 9 Applicants

Check All | Uncheck All | Reverse    Move Selected:  - Select One -  ⌄

Submit    Clear

✉ – Emails Sent   ∗ – Internal Candidate

Folders (list)

Inbox (9)

Maybe (0)

No (0)

Withdrawn (0)

Yes (0)

Candidate pulled ...(0)

Declined Offer (0)

Interviewed Virtual (0)

Interviewed/Internal (0)

No response to email (0)

OFFERED (0)

All Folders (9)

Switch Modules

*They have not written who was hired or not hired & for what reasons?*

Hirezon|EXchange

Sacred Heart University

Welcome: Heidi L Foster-Cho

Sign Out

*[handwritten: only chemistry jobs? why?]*

⬚ Manage Jobs

✏ Post New Job

## Applicants for Non-Tenure-Track Faculty, Chemistry (103957)

View    Clone

≡ Requisitions

Reviewers    Review Notes    Requisitions    Quick Report    Re-Open    Job Status

E-Forms    E-Form Report    Find Candidate

🔍 Find Candidates

≋ QuickList

**Qualified Applicants in** *Inbox*                                                          ⪻ 1  ?

Select    Name : ( F | L )                          Location                                    Date

📁 Create Folders
☑ Registration
⊕ User Account
📖 User Manual
📄 Instructions

☐ 11    Dariush Montasserasadi    ✉    New Albany, OH                              10/20/2018

☐ 12.   James Titah    ✉    Edmonton, NW, Alberta                                    10/19/2018

👤 Manage Users

📊 Metrics Reports

11 to 12 of 12 Qualified Applicants                                        Go to    2    ∨ ⪻ 1

Check All | Uncheck All | Reverse                              Move Selected:    - Select One -    ∨

Select All 12 Applicants

✉ Notifications

Submit        Clear

⊘ Help Desk

✉ – Emails Sent    ∎ – Internal Candidate

⊖ Sign out

*[handwritten: They have not written who was hired or not hired & for what reasons?]*

Folders (Add)

Inbox (12)

Maybe (0)

No (0)

Withdrawn (0)

Yes (0)

Candidate pulled ...(0)

Declined Offer (0)

Interviewed Virtual (0)

Interviewed/Internal (0)

No response to email (0)

OFFERED (0)

All Folders (12)

User Manual  |  Privacy Policy  |  Terms of Use  ¦  Contact Us

# Exhibit-d

*[handwritten: not provided]*

d) Identify the person(s) making the final decision, including name, position held, race, sex, age and disability (if any), as appropriate;

*[handwritten: not provided (evasive answers)]*

e) Provide a copy of any evaluation(s) or investigative report(s), and all other relevant documents relating to the act;

f) Provide a list of all employees who committed the same or substantially similar offense(s) that the complainant committed, and the disciplinary action taken against each of them. Supply backup documentation for the listed employees. Identify each employee by name, position held, race, sex, age and disability (if any), as appropriate;

g) List all employees discharged or who received the same discipline as the complainant within the past two years. For each employee listed, include employee's name, position held, reason for and date of discipline, race, sex, age and disability (if any), as appropriate. Provide a copy of the discipline or separation notice for each person.

h) if complainant was discharged, please indicate whether s/he was replaced in his/her position. If complainant was replaced, please identify the replacement as appropriate.

*[handwritten: not provided (evasive answers)]*

ANSWER: Not applicable.

12. If the complainant was denied a promotion or not hired, provide the following information:

a) Describe the selection process, and provide copies of documents describing the process, if available;

b) Describe the job at issue, indicating the qualifications sought. Provide a copy of the written job description, as well as a copy of any advertisements or internal postings for the position at issue;

c) Provide applications and resumes for all applicants for the position. Identify the successful candidate or candidates;

d) Explain why complainant was not selected, and why the successful candidate(s) was selected;

e) Provide other examples of promotions or hire for similar positions;

*[handwritten: not provided]*

f) Identify by race, sex, age and disability (if any), as appropriate, all individuals holding the same title as the position sought by the complainant;

g) Identify the person(s) recommending the action(s) at issue, including name, position held, race, sex, age and disability (if any), as appropriate;

*[handwritten: Incomplete / evasive answers / Total lies]*

**CERTIFICATION:**

I hereby certify that I have sent one copy of this document to the Defendant on 1/23/25 at 5151 Park Ave, Fairfield, CT 06825 by USPS.


Very truly yours,

Pradeep Gupte